A. S. MAXWELL *et al.* v. THE COFFEYVILLE MINING AND GAS COMPANY.

**No. 13,092.**   ( 75 Pac. 1047.)

Error from Montgomery district court; THOMAS J. FLANNELLY, judge.   Opinion filed March 12, 1904.   Affirmed.

*A. B. Clark*, and *J. D. Brown*, for plaintiffs in error.
*H. C. Dooley*, and *J. B. Ziegler*, for defendant in error.

*Per Curiam:* The action of plaintiffs in error, who were plaintiffs below, was brought for the purpose of recovering damages to a stock of goods owned by them, occasioned by the explosion of natural gas in the cellar of the building in which they were doing business.   The court sustained a demurrer to plaintiffs' evidence, which action they claimed to be ground for error.

The allegations of the petition were, substantially, that the defendant had constructed and was maintaining a gas-

well about fifty feet from the premises occupied by the plaintiffs; that, in constructing and maintaining the gas-well, defendant was guilty of negligence in not properly casing the well, and in capping the casing and confining the pressure of gas, so that it escaped into and through the crevices in the earth and accumulated in the cellar, where, upon being ignited, it exploded and caused the injury of which plaintiffs complain. In support of this petition, the evidence showed that defendant bored and was maintaining this well within fifty or sixty feet of the premises occupied by the plaintiffs; that subsequent to the boring of the gas-well three wells of water within a radius of 200 feet from it became impregnated with gas and unfit for use; that at various times prior and subsequent to the explosion gas had escaped from some source into the cellar under the building occupied by plaintiffs; and that gas escaped along the curb of the street in front of the plaintiffs' place of business.

This was substantially all of the evidence tending to show negligence on the part of the defendant or leading to the conclusion that the gas which caused the explosion came from the well maintained by it. No effort was made to show any fault in the casing of the well, or other defect, or that there were no other gas-wells in the immediate vicinity from which gas might have escaped. In short, nothing except the fact that defendant maintained this gas-well and that gas accumulated in the cellar and was found in the water-wells, as above stated, was shown.

We think that this showing does not warrant the conclusion either that the gas which caused plaintiffs' injury came from defendant's well, or that the well had been negligently constructed or was being negligently maintained. Therefore, the court correctly sustained the defendant's demurrer to the evidence.

The judgment will be affirmed.